UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | Cr. No. 11-10157-MLW |
| ) | |
| ADAM HART, TIMOTHY REARDON, ) | |
| and WILLIAM NEOFOTISTOS,    ) | |
|           Defendants         ) | |

ORDER

WOLF, D.J.                                                          April 30, 2013

For the reasons stated in court on April 29, 2013, it is hereby ORDERED that:

1. The government and defendant Adam Hart ("Hart") shall, by June 24, 2013, confer and report, jointly if possible but separately if necessary, concerning whether Hart has satisfied the condition of his probation that requires him to forfeit $500,000.00 before June 24, 2013.

2. If Hart has not forfeited the $500,000.00 before June 24, 2013, a hearing concerning Hart's efforts and capacity to pay that amount shall be held on June 26, 2013, at 3:00 p.m.

3. Hart has submitted medical records in support of Defendants' Supplemental Memorandum in Support of Motion for Further Departure (Docket No. 35) and Defendant Adam Hart's Supplemental Sentencing Submission (Docket No. 64). Hart has a substantial privacy interest in those medical records because they contain personal information, including descriptions of his ailments, his prescription medications, his social history, and the

results of certain medical tests. See United States v. Kravetz, 706 F.3d 47, 63 (1st Cir. 2013). That interest outweighs the public's interest in having access to the details in Hart's medical record, particularly because the essence of Hart's medical conditions is reflected in the public record. Accordingly, Hart's medical records (Docket Nos. 36, 37, and 38) are SEALED, and the Motion for Leave to File Exhibits in Support of Defendant Adam Hart's Supplemental Sentencing Submission Under Seal (Docket No. 67) is ALLOWED.

4. The redacted letter from Winifred Clark-Wesner, attached hereto as Exhibit A, shall be made part of the public record. The court has redacted some of Ms. Clark-Wesner's personal information in which she has a substantial privacy interest. It has also redacted information that identifies third parties to protect their legitimate privacy interests. The redactions of the information identifying third parties is justified, in part, because the information about them "appears to have no direct bearing upon the public's assessment of the sentences imposed." Kravetz, 706 F.3d at 62. In addition, at least some of the information about the third parties is unverified and, therefore, "should not be as readily disclosed as matters that are verified." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995)).

_____
UNITED STATES DISTRICT COURT