UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 11-10157-MLW |
| ) | |
| 1. ADAM HART, ) | |
| Defendant. ) | |
| ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOLF, D.J.**

WHEREAS, on April 26, 2011, the United States Attorney for the District of Massachusetts filed a two-count Information charging defendant Adam Hart (the "Defendant") and others with Illegal Gambling Business - Sports Betting, in violation of 18 U.S.C. §§ 1955 and 2 (Count One); and Obstruction of State or Local Law Enforcement, in violation of 18 U.S.C. § 1511 (Count Two);

WHEREAS, the Information also contained forfeiture allegations, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1955, of (a) any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and (b) any property, including money, used in violation of 18 U.S.C. § 1955, pursuant to 18 U.S.C. § 1955(d), the property specifically includes, without limitation:

   a.   at least $750,000 in United States currency;

   b.   $17,000 in United States currency seized from
        6741 Northwest 45th Terrace, Coconut Creek,
        Florida on or about January 10, 2009; and

  c. $1,580 in United States currency seized from
11 Captain Murphy Way, Barnstable, Massachusetts;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on June 1, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on July 22, 2010;

WHEREAS, in Section 12 of the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 1955(d) as a result of his guilty plea, including but not limited to $750,000 in United States currency;

WHEREAS, based on the Defendant's plea agreement and guilty plea on June 1, 2011, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $750,000 in United States currency, pursuant to 21 U.S.C. § 853(p) because this amount represents the proceeds of the Defendant's crimes;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $750,000 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $750,000 in United States currency, pursuant to 18 U.S.C. §§ 981, 1955 and 28 U.S.C. § 2461.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal procedure to amend this Order to substitute property having a value not to exceed the amount set forth in paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: April 29, 2013

MARK L. WOLF
Senior United States District Judge